UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4306(DSD/JJG)

R & D Financial Solutions, Inc.
d/b/a R & D Technologies, Inc.,
a Minnesota corporation; Dan
Pullis, individually; and Robert
Maki, individually,

    Plaintiffs,

v.                                 **ORDER**

Western Thrift and Loan Corp.,
a Nevada corporation; Columbia
Trust Company, a Nevada
corporation, and Homeowners
Lending, Corp., a California
corporation,

    Defendants.

    Scott A. Johnson, Esq., Todd M. Johnson, Esq. and Johnson Law Group, 10580 Wayzata Boulevard, Suite 250, Minnetonka, MN 55305, counsel for plaintiffs.

    Shushaine, E. Kindseth, Esq., Steven H. Silton, Esq., Thomas P. Kane, Esq. and Hinshaw & Culbertson, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon plaintiffs' motion for entry of default judgment. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants plaintiffs' motion.

**BACKGROUND**

Plaintiffs R & D Financial Solutions, Dan Pullis and Robert Maki (collectively, "Plaintiffs") commenced this diversity action

on October 19, 2007, alleging breach of contract, fraud, slander and conversion claims against defendants Western Thrift and Loan Corp. ("Western Thrift"), Columbia Trust Company ("Columbia") and Homeowners Lending Corp. ("Homeowners") (collectively, "Defendants"). In the instant motion, Plaintiffs seek entry of default judgment due to Defendants' alleged failure to comply with discovery requests and court orders. Only Western Thrift responded to Plaintiffs' motion.

According to Plaintiffs, Homeowners has refused to produce witnesses for depositions throughout this litigation. (Johnson Aff. Ex. A.) For example, in fall 2008, Homeowners and Plaintiffs agreed that Plaintiffs would depose six witnesses on March 2, 2009, in California. However, a few days before the scheduled depositions, Homeowners fired its attorney, Aaron Davis ("Davis"). Homeowners did not reschedule the depositions. Plaintiffs' attorneys traveled to California for the depositions, but Homeowners' witnesses and counsel did not appear.

Thereafter, on March 24, 2009, Sebastian Rucci ("Rucci"), an Ohio attorney with offices in California, moved for admission pro hac vice to represent Defendants. Magistrate Judge Jeanne J. Graham denied Rucci's motion on March 26, 2009, for failure to comply with District of Minnesota Local Rule 83.5. (Doc. No. 45.) The magistrate judge later issued an April 1, 2009, order, granting Davis' motion to withdraw as counsel and ordering Defendants to

obtain counsel by May 1, 2009. (Doc. No. 47 ¶¶ 1-2.) In her order, the Magistrate Judge noted that if Defendants failed to comply, "they shall be subject to any sanctions this Court deems appropriate, which may include leave for the plaintiffs to seek default judgment." (Id. ¶ 4.) Defendants did not comply.

In June 2009, this case was stayed pursuant to 11 U.S.C. § 362 due to Homeowners' commencement of a Chapter 7 bankruptcy action in California. After the stay was lifted in October 2009, the magistrate judge scheduled a pretrial conference for November 30, 2009. On that day, only counsel for Plaintiffs appeared. (Doc. No. 82.) Plaintiffs moved for entry of default judgment on January 21, 2010.

**DISCUSSION**

"The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). However, "[d]efault judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" Forsythe v. Hales, 255 F.3d 487, 489 (8th Cir. 2001) (quoting Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996)). Conversely, default judgment is an inappropriate sanction for a "'marginal failure to comply with time requirements.'" Id.

3

As an initial matter, the court determines that entry of default judgment against Homeowners and Columbia is appropriate. Neither party has responded to the instant motion, and they did not comply with the magistrate judge's order to obtain counsel. The parties also did not appear at the November 30, 2009, pretrial conference. Lastly, Homeowners failed to appear for six scheduled depositions on March 2, 2009. The parties' disregard of court orders and failure to comply with discovery requests constitutes willful misconduct and warrants entry of default. See Forsythe, 255 F.3d at 490 (default warranted when party failed to appear at depositions and hearings and did not engage counsel); Ackra, 86 F.3d at 856 (entering default when parties failed to comply with court orders and delayed discovery).

The court next considers whether to enter default judgment against Western Thrift. Western Thrift concedes that this case was improperly defended, but it argues that the court should not enter default judgment because it mistakenly believed that it was represented by counsel. Western Thrift alleges that after it received Plaintiffs' summons and complaint on October 31, 2007, its Chief Legal Counsel, Mark Trafton ("Trafton"), retained Davis as defense counsel. (Trafton Aff. ¶¶ 2-3.) In addition, Trafton allegedly tendered Western Thrift's defense to Homeowners pursuant

4

to a September 19, 1998, Service Agreement. (Id. ¶ 4, Ex. A.) Homeowners apparently accepted the tender in December 2007. (Id. ¶ 5.)

Thereafter, Western Thrift had no further involvement in the case due to its belief that Homeowners was handling its defense. While Western Thrift was aware that Homeowners fired Davis in February 2009, Western Thrift believed that Homeowners had retained Rucci as counsel and that Rucci was admitted to practice before the court. (Id. ¶¶ 7-9.) Western Thrift did not receive notices of the proceedings in this case and did not communicate with Rucci. (Id. ¶ 9.)

Western Thrift, however, cannot avoid entry of default judgment based on its mistaken belief that Rucci was providing an adequate defense. "Litigants choose counsel at their peril." Iman v. Am. Home Furniture Placement, 120 F.3d 117, 118 (8th Cir. 1997). Indeed, "a party is responsible for the actions and conduct of his counsel" and "default may be entered against a party as a result of counsel's actions." Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (citation omitted). In this case, Rucci did not take the steps necessary to be admitted to practice before this court, nor did he secure substitute counsel as required by the magistrate judge's April 1, 2009, order. The court imputes Rucci's failure to defend this case to Western Thrift, and default judgment is warranted on this basis.

5

The court finds similarly unavailing Western Thrift's argument that it mistakenly believed that Homeowners was acting to ensure its defense. Western Thrift is a sophisticated party with the resources necessary to monitor its involvement in legal actions. Trafton was aware of this case, yet took no steps to ensure that it was properly litigated. Western Thrift's willful neglect of this case contributed to Defendants' failure to defend over a two-and-one-half year period, and default judgment is also warranted on this basis.

Lastly, Western Thrift argues that default judgment should not be entered because it has a meritorious defense. "However, where the conduct of a party amounts to willful misconduct, the existence of a meritorious defense does not prohibit default judgment." Ackra, 86 F.3d at 857. Because Western Thrift engaged in willful misconduct, the court determines that entry of default judgment is warranted.

**CONCLUSION**

Accordingly, based on the above **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for default judgment [Doc. No. 84] is granted against all defendants, and;

2. Pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), the court orders an evidentiary hearing to determine the amount of damages and attorneys' fees in this case.

Dated: May 10, 2010

                                           <u>s/David S. Doty</u>
                                           David S. Doty, Judge
                                           United States District Court