```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 07-4306(DSD/JJG)
```

R & D Financial Solutions, Inc.,
d/b/a R & D Technologies, Inc.,
a Minnesota corporation; Dan
Pullis, individually; and
Robert Maki, individually,

        Plaintiffs.

v.                                                          **ORDER**

Western Thrift and Loan Corp.,
a Nevada corporation; Columbia
Trust Company, a Nevada
corporation and Homeowners
Lending Corp., a California
corporation,

        Defendants.

     This matter is before the court upon the motion to require additional bond security pending appeal by plaintiffs R&D Financial Solutions, Dan Pullis and Robert Maki.  On July 15, 2011, defendant Western Thrift & Loan Corp. (Western Thrift) filed a supersedeas bond, written by Western Bond Company (Western Bond).  See ECF No. 151.  Plaintiffs moved to disqualify Western Bond and disallow the bond on July 28, 2011.  See ECF No. 152.  The court denied the request.  See ECF No. 163.  Plaintiffs move for additional security.  See ECF No. 165.

     Federal Rule of Civil Procedure 62(d) permits a stay of payment while a case is on appeal.  The stay is effective when the supersedeas bond is approved by the court.  See Fed. R. Civ. P. 62(d).  However, "[a] creditor may always challenge the adequacy of

the bond before the district court judge." Phansalkar v. Anderson Weinroth & Co., 211 F.R.D. 197, 200 (S.D.N.Y. 2002); see also Sheldon v. Munford, Inc., 128 F.R.D. 663, 665 (N.D. Ill. 1989) (filing a notice of appeal divests district court of jurisdiction except for "issues relating to the enforcement of the judgment or the supersedeas bond").

Plaintiffs argue that Western Bond should be disqualified because the state of Nevada suspended Western Thrift's operational license and issued an order limiting payment of liabilities, because it lost underwriting insurance. See Johnson Aff. Exs. A-B. The financial vulnerability of Western Thrift, an affiliate of Western Bond, led A.M. Best Company to downgrade the rating of Western Bond from B (fair) to C (weak). See id. Ex. D. Therefore, plaintiffs argue that Western Thrift should be required to post bond with a letter of credit from a reputable lending institution, other than an affiliate of Western Thrift.

The purpose of Rule 62(d) is to protect judgment creditors and ensure "that they will be compensated without additional efforts and ... insulat[e] them from the possibility that judgment debtors will become insolvent before the appeal is concluded." Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc., No. 06-2527, 2008 WL 5412469, at *4 (D. Colo. Dec. 24, 2008) (citing Sheldon, 128 F.R.D. at 665). In the present action, the security provided by Western Thrift is no longer sufficient. Therefore, the court

2

will require additional bonding from a lending institution that is not affiliated with Western Thrift.  Accordingly, **IT IS HEREBY ORDERED** that:

    1.   Plaintiffs' motion [Doc. No. 165] is granted;

    2.   Western Thrift & Loan Corp. shall file with the Clerk of Court either a letter of credit from a financial institution that is not affiliated with Western Thrift & Loan Corp., or cash equivalent in the amount of $300,000; and

    3.   Plaintiffs may begin collection under judgment immediately if Western Thrift & Loan Corp. fails to comply with this order by November 1, 2011.

Dated:  October 18, 2011

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court